IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

CARL REED,                          )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    Civil No. 3:07-0765
                                    )    Judge Trauger
YOUNG MEN'S CHRISTIAN ASSN. USA,    )    Magistrate Judge Bryant
et. al.                             )
                                    )
     Defendants.                    )

**TO: The Honorable Aleta A. Trauger, District Judge**

                   **REPORT AND RECOMMENDATION**

                          <u>Introduction</u>

     Before this court is defendant's motion for summary judgment as to plaintiff's claims against the defendant Young Men's Christian Association USA ("YMCA USA") (Docket Entry No. 15), supported by memorandum, statement of undisputed facts, and the declaration of Karyn Boston (Docket Entry Nos. 16-18). Plaintiff's response to this motion appears to be contained within his filing of November 26, 2007 (Docket Entry No. 23, pp. 18-20), though he has made no response to YMCA USA's statement of undisputed facts. YMCA USA has filed a reply to plaintiff's response (Docket Entry No. 26).

     This motion has been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 2). For the reasons stated below, the Magistrate Judge recommends that YMCA USA's motion for summary judgment be

**GRANTED**, and that the complaint against this defendant be **DISMISSED**.

## Background

Though the nature of the incidents listed in the complaint are hard to discern exactly, it appears that the *pro se* plaintiff, who is allegedly disabled, had frequently complained about the state of the accommodations at the local YMCA in Murfreesboro, Rutherford County, Tennessee. After some number of these complaints, plaintiff alleges that the director of this YMCA branch called a friend, an off-duty Rutherford County Sheriff's Deputy, and that these two individuals together on July 21, 2006, perpetrated an "incident of duress" against the plaintiff. This alleged incident involved intimidations and threats, presumably to cause an end to plaintiff's complaints or perhaps his patronage altogether. Plaintiff subsequently filed his complaint in this court, naming as defendants the Rutherford County YMCA and its director, the Rutherford County Sheriff's Office, the YMCA of Middle Tennessee, and the YMCA USA.

## Standard of Review

> Summary Judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The central issue is "whether the evidence presents a sufficient

2

> disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008).

### **Analysis of the Motion**

YMCA USA responded to plaintiff's complaint by filing the instant motion. In its supporting statement of undisputed facts, YMCA USA asserts the following operative facts, which plaintiff has not properly placed in dispute. YMCA USA asserts that it has no control over, nor responsibility for, operations of local YMCAs throughout the United States, including the one in Rutherford County, Tennessee. There is no dispute over the level of control that YMCA USA exercises over the local YMCAs, though the plaintiff says that "the parent organization had been made aware throughout the period of time elapsing since the pattern of discriminatory and retaliatory conduct arose as a challenge to the plaintiff [sic] rights [sic] to use and enjoy the YMCA facility at [sic] Murfreesboro, Tennessee" (Docket Entry No. 1, p. 5). He gives no further indication in his complaint, or elsewhere in this record, as to what precisely this means or how YMCA USA was made aware of the alleged discriminatory and retaliatory conduct.

Nevertheless, even if notice to YMCA USA is a reasonable inference to be drawn in plaintiff's favor, the undersigned must

3

conclude that, as a matter of law, YMCA USA can not be held liable because, according to its organization documents, it lacked control or authority to oversee or direct the operations of any local YMCA, and it is not alleged to have been directly involved in the wrongful conduct in any way.

Plaintiff's complaint was filed pursuant to Title III of the ADA, which provides generally that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). In particular, plaintiff's complaint seeks relief based on Department of Justice regulations implementing this congressional mandate, including, *inter alia*, the regulatory prohibition against retaliatory, coercive, or threatening or intimidating behavior by a public accommodation in response to a disabled person's exercise of rights. 28 C.F.R. § 36.206. Under the language of the statute quoted above, such relief is only available against "any person who owns, leases (or leases to), or operates a place of public accommodation." The only proof in this summary judgment record, the declaration of Ms. Boston (Docket Entry No. 17), establishes that local YMCAs, according to the YMCA USA constitution, "own their land, operate their own bank accounts, employ their own staffs, are separate 502(c)(3)

4

not-for-profit corporations, are separately incorporated by the state in which they do business, and are responsible for their own activities." *Id*. at ¶ 5. Accordingly, on this record, it is undisputed that YMCA USA does not in fact own, lease, or operate the Rutherford County YMCA where plaintiff was allegedly discriminated against.

Without advancing any proof, plaintiff asserts that YMCA USA shares operational responsibility with all local YMCAs based on the law of agency. Despite the express disavowal of an agency relationship with local YMCAs in YMCA USA's constitution, plaintiff argues that such a relationship necessarily arises from YMCA USA's issuance to local associations of a license to use the YMCA corporate logo, and its conferral of federal tax-exempt status on such local associations (Docket Entry No. 23, pp. 18-20). Respectfully, the undersigned disagrees.

While plaintiff briefly contests the legitimacy of analyzing the corporate relationship here in the franchisor-franchisee context (Docket Entry No. 23, p. 19), as YMCA USA urges with its citation to various cases arising from that context (Docket Entry No. 26, p. 3), the undersigned is persuaded by authority cited by defendant holding that the mere use of a company logo or trademark in no way imputes liability to the holder of the mark for the tortious actions of the licensee. *Pona v. Cecil Whittaker's Inc.*, 155 F.3d. 1034 (8th Cir. 1998) (holding a

5

pizzeria franchisor/licensor not liable under law of agency for ADA violations of franchisee). The Eighth Circuit in *Pona* found that even the fact that, in committing the discriminatory action, the manager of the franchisee establishment acted on the advice of the president of the franchisor would be insufficient to impute liability to the franchisor as one who "operates a place of public accommodation" under the statute. *Id. at 1036.* It is clear that in the case at bar, the mere use of the YMCA logo by the local defendants cannot establish the agency relationship argued by plaintiff, and, thereby, vicarious responsibility for local misdeeds.

Equally unavailing is plaintiff's argument that because local YMCAs possess tax-exempt status derived from YMCA USA's own such status, YMCA USA and the owner/operators of local YMCAs cannot be truly independent legal entities. To begin with, plaintiff has adduced no evidence to rebut Ms. Boston's declaration testimony that YMCA USA and the Rutherford County YMCA are separate not-for-profit corporations under 26 U.S.C. § 501(c)(3) (Docket Entry No. 17, at ¶ 5). Even if plaintiff had offered proof that the Rutherford County YMCA only qualified for tax exemption under § 501(c)(3) because it was an "integral part" of YMCA USA, see *IHC Health Plans, Inc. v. Comm'r.*, 325 F.3d 1188, 1202 (10th Cir. 2003), such qualification only indicates an alignment of religious or charitable purpose, not ownership or

6

right to control operations of the Rutherford County YMCA sufficient to impose liability under Title III of the ADA against YMCA USA.

From the undisputed proof on this record, the undersigned Magistrate Judge finds that there is no genuine issue of material fact regarding the liability of defendant YMCA USA, and, therefore, that the complaint against this defendant should be dismissed as a matter of law.

### Recommendation

For the reasons stated above, the Magistrate Judge recommends that defendant YMCA USA's motion for summary judgment be **GRANTED**, and that the complaint against this defendant be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 22nd day of July 2008.

                                    s/ John S. Bryant
                                    JOHN S. BRYANT
                                    United States Magistrate Judge

8